## Newman vs. Keith.

BLECKLEY, C. J.—This was a controversy involving the question of the soundness of a mule at the time it was sold. The evidence justified the verdict, and there is no complaint of any error of law committed by the court upon the trial; and the judgment refusing a new trial is therefore affirmed.

May 16, 1888.

New trial. Evidence. Verdict. Before Judge Powell. City court of Newnan. January term, 1888.

Newman sued Keith for breach of warranty of a mule, and on the trial showed that he bought the mule and gave for it his notes amounting to $110.00. Before the notes matured Keith disposed of them, and plaintiff had to pay them. Defendant told plaintiff before he bought the mule that it was as sound as a silver dollar; this statement of defendant being in response to one of plaintiff that he would buy the mule if defendant would guarantee it to be sound. Plaintiff bought on this representation. The next morning after he bought, he noticed that the mule could not drink; the water ran out of its nose. He carried the mule back to defendant and tried to exchange it for another, but defendant asked for $100.00 difference between the mule in question and another mule, which other he had offered plaintiff before for $140.00. The defendant refused to take the mule back or make exchange, except on the terms stated. He told plaintiff to raise his trough higher, which plaintiff did, but found it did no good. The mule did not have distemper. No one from looking at it when plaintiff bought it could tell that it was unsound. The evening plaintiff bought he drove the mule home, fourteen miles. It would eat but little that night; in three or four days it was discovered it could not drink;

and in five or six weeks it died. It was kept in a dry stable and used in hauling rails, and driven back to town twice.

For defendant, it was shown that he bought the mule out of a drove about two weeks before he sold it to plaintiff, and gave $90.00 for it. Did not warrant it, but said it was sound so far as he knew. It showed no signs of unsoundness up to the time of the sale. Might have caught distemper from his other animals, as they had it among them. Mule with distemper worth as much as without. Plaintiff did not bring the mule back and offer to make exchange or try to get defendant to take it back. On the contrary, several days after the trade, plaintiff told him he was well pleased with it. Defendant did not have the mule in his possession for several days before the trade. Had hired it out and had it brought in for plaintiff. The mule seemed to be perfectly sound before it was sold. One of defendant's witnesses swore that he saw the plaintiff, after the sale, with the mule at defendant's stable, but did not know what passed between them. Another swore that he worked the mule a week or ten days before it was sold, hauling and plowing, and that it worked well and drank well and ate all right.

The judge of the city court gave judgment for defendant. Plaintiff moved for a new trial, because the verdict was against evidence, weight of evidence, contrary to law and principles of justice and equity. The motion was overruled, and plaintiff excepted.

P. F. SMITH, for plaintiff.

P. H. BREWSTER and J. S. POWELL, for defendant.